## ERBY POLLARD V. STATE

No. 34,256. February 7, 1962

*Billy Hall,* Littlefield, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Presiding Judge.

This is an appeal from an order revoking probation.

Appellant was convicted of felony theft and assessed a term of 3 years. On August 30, 1958, sentence was pronounced and the execution thereof was suspended and probation was granted.

Among the conditions of probation was that appellant commit no offense against the laws of this or any other state or the United States.

On August 24, 1961, which was some 6 days before the term of probation expired, the district attorney filed an unsworn petition to revoke said probation.

The petition set out the above condition and alleged that the district attorney "has good reason to believe, and does believe and charge, that the said probationer has violated the conditions of his probation as set out above; that the said violations of the conditions of his probation as mentioned aforesaid, were committed while the said probation was in full force and effect."

The record is silent as to any order of the court for the arrest of appellant or the setting of a hearing.

Hearing was held, however, on September 2, 1961, which was after the term of probation had ended. The evidence adduced upon said hearing, which resulted in the revocation order from which this appeal is prosecuted, is before us.

The state relies upon Ex parte Fennel, 162 Texas Cr. Rep. 286, 284 S.W. 2d 727, wherein we held that where the violation occurs and warrant of arrest for the violation of probation issues prior to the expiration of the term of probation, and the hearing is not unduly delayed, the court has authority to revoke probation though the term has expired before the order is entered.

The fact that no warrant is shown to have issued during the term of probation distinguishes the case before us from Ex parte Fennel, supra.

McBee v. State, 166 Texas Cr. Rep. 562, 316 S.W. 2d 748, sustains appellant's contention and requires reversal.

We direct attention also to the general allegation of the unsworn petition for revocation. Under such allegation a probationer might be called upon to meet proof of any violation of law at any time during the three years he was on probation.

The order revoking probation is reversed and set aside.