Floyd TATE, Appellant,

v.

The STATE of Texas, Appellee.

No. 35325.

Court of Criminal Appeals of Texas.

Feb. 13, 1963.

Rehearing Denied April 3, 1963.

John G. Cramer, Houston, for appellant.

Frank Briscoe, Dist. Atty., Gus J. Zgourides and Thomas C. Dunn, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

BELCHER, Commissioner.

This is an appeal from an order revoking probation.

Upon his plea of guilty before the court on March 30, 1962, appellant was found guilty of burglary and his punishment assessed at a term of two years. The imposition of sentence was suspended and probation was granted.

Two of the nine conditions of his probation were that he: (1) commit no offense against the laws of this or any other state or the United States; and (2) avoid persons or places of disreputable or harmful character.

On July 26, 1962, the District Attorney filed a motion to revoke probation alleging that appellant had violated the conditions of his probation on July 15, 1962, in committing the offense of felony theft. The state filed its amended motion during the hearing alleging that appellant on July 15, 1962, committed the offense of receiving and concealing stolen property and associated with known criminals and persons of vicious habits.

Hearing was had on August 2 and 3, 1962. The state introduced the written statement of the appellant in which he states that on the night of July 14, 1962, he was riding in a car with several other boys when they stopped at a service station; that after leaving the service station he first heard that two of the boys got some money at the service station and then they gave him ten dollars of the money. The operator of the service station testified that while he was servicing a car at the front several boys in another car were there. After they left he missed a bag containing about $150 in money, but that he could not identify the appellant as one of the group. The testimony of the probation officer shows that Ronald Vallier, one of appellant's companions on July 14, was on probation for a felony offense; and that of his personal knowledge he did not know that appellant had violated any terms of his probation.

Testifying in his own behalf, the appellant admitted signing the statement, but states that before he signed it he drew two lines across each of the sentences which read that he heard the other boys say that the money came from the service station, and that they gave him ten dollars. He denied that he knew about or had any connection with the theft from the service station, that he heard anything about it or that they gave him any money.

It is contended that the general order revoking probation which is herein set out is not sufficient to make it effective because it contains no findings and conclusions upon which the court based its actions in making and entering said order.

The revocation is based upon the following order:

"On this the 3rd day of August, A.D. 1962, it appearing to the Court that the defendant, FLOYD TATE, had violated the terms of the Adult Probation heretofore accorded him herein, it is therefore the Order, judgment and Decree of the Court that the said probation be revoked and set aside."

The hearing upon whether probation should be revoked is not a criminal trial.

Wilson v. State, 156 Tex.Cr.R. 228, 240 S.W.2d 774; Stratmon v. State, 169 Tex. Cr.R. 188, 333 S.W.2d 135; Soliz v. State, 171 Tex.Cr.R. 376, 350 S.W.2d 566.

The order of revocation is not rendered fatally defective for the failure to recite the findings on which it was based. However, where request is made of the trial court to make such findings the failure to comply therewith may call for a reversal. 33 Tex.Jur.2d 530, 531, Sec. 35.

In the absence of any request of the trial court to make findings upon which it based its order of revocation appellant's contention presents no error.

Appellant relies on McBee v. State, 166 Tex.Cr.R. 562, 316 S.W.2d 748, for a reversal. What was said in McBee as to findings in an order of revocation was advisory only.

The motion for revocation, the trial amendment and the evidence are sufficient to authorize the court to make and enter the order revoking probation.

The judgment is affirmed.

Opinion approved by the Court.