Bruce McDONALD, Appellant,

v.

The STATE of Texas, Appellee.

No. 42039.

Court of Criminal Appeals of Texas.

June 4, 1969.

Turpin, Smith, Dyer, Hardie & Harman, by Joseph Connally, Odessa, for appellant.

Jack Q. Tidwell, Dist. Atty., Bruce Gangert, Asst. Dist. Atty., Odessa, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S MOTION FOR REHEARING

ONION, Judge.

Our opinion on original submission is withdrawn and the following is substituted in lieu thereof.

This is an appeal from a revocation of probation.

On December 8, 1966, appellant was placed on probation after he had pleaded guilty before the court to the offense of

felony theft and had his punishment assessed at a term of three years. Among the probationary conditions imposed by the court were

"(7) That said defendant remain within the confines specified by the Probation Officer.

\* \* \* \* \* \*

"(11) That said defendant shall conform with such other and further terms and conditions of probation as prescribed by the Probation Officer and/or the laws of the State of Texas."

On the same date the appellant acknowledged receipt of other conditions apparently imposed by the probation officer and printed upon an instrument bearing the letterhead of the "Ector County Department of Adult Probation." Among these conditions is found "I will not leave the County to which I have been released without the written consent of my Supervisor." [1]

The motion to revoke probation which is the basis of the revocation which is the subject of this appeal was filed on September 25, 1968. It alleged that appellant had violated his terms of probation by

"Being out of Ector County and the State of Texas without permission or knowledge of the Ector County Adult Probation office on or about 7–21–68."

After a hearing on September 30, 1968, the court revoked probation finding in its order that the appellant, as alleged in the motion to revoke, had violated the alleged condition of his probation.

We need not pass upon the question of whether the allegations in the motion to revoke are supported by proof that appellant was found in a New Mexico jail on September 23, 1968, and that during the month of July, 1968, he did not have permission of the Adult Probation Officer to leave the county or state.

■ This is so because we find no condition or term of probation *imposed by the court* which the proof shows the appellant violated. A court in granting probation may as a condition or term thereof require that the probationer "remain within a specified place." See Article 42.12, Sec. 6, Vernon's Ann.C.C.P. But only the court having jurisdiction of the case shall determine and fix the terms and conditions. See Article 42.12, Secs. 5 and 6, V.A.C.C.P. The court may not delegate this authority to a probation officer or anyone else.

■ In the case at bar the court required the probationer "to remain within the confines specified by the Probation Officer." This was an unauthorized delegation of authority and permitted the probation officer not only to determine a condition of probation but also authorize him to alter or modify the condition from time to time as he deemed desirable without the approval of the court. This the court had no power to do.

■ This Court has consistently held that where the trial court grants probation, the relationship between the court and the probationer is contractual in nature, Wilson v. State, 156 Tex.Cr.R. 228, 240 S.W.2d 774. Jones v. State, 159 Tex.Cr.R. 24, 261 S.W.2d 317; Glenn v. State, 168 Tex.Cr.R. 312, 327 S.W.2d 763; and that conditions of probation should be clearly set forth in the judgments and orders granting probation so the probationer and the authorities may know with certainty what the conditions are. Stover v. State, Tex.Cr.App., 365 S.W.2d 808; Glenn v. State, supra; McBee v. State, 166 Tex.Cr.R. 562, 316 S.W.2d 748; cf. Walls v. State, 161 Tex.Cr.R. 1, 273 S.W.2d 875; Jackson v. State, 165 Tex.Cr.R. 380, 307 S.W.2d 809.

---

1. Among other conditions apparently imposed by the probation officer alone is found one which reads:
"I will not enter into marriage, purchase an automobile, incur any unnecessary indebtedness, nor execute any contracts, for any purpose that requires installment payments, without securing written permission from my supervisor."

 Since there is no showing that the appellant has violated a condition of probation imposed by the court, we conclude that the trial court abused its discretion in revoking probation.

The judgment of affirmance is set aside, the motion for rehearing is granted and the cause is reversed and remanded.