**Clifford COX, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 42198.**

Court of Criminal Appeals of Texas.

July 9, 1969.

Rehearing Denied Oct. 22, 1969.

---

J. Ray Martin, Amarillo, for appellant.

Tom Curtis, Dist. Atty., Hugh Russell, Asst. Dist. Atty., Amarillo, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from an order revoking probation.

On June 26, 1962, appellant entered a plea of guilty to the offense of forgery. His punishment was assessed at five years; the imposition of sentence was suspended, and appellant was placed on probation. The conditions of the court's order granting probation included the following:

"(4) Report to Gib Landis 4th floor Courthouse of Potter County, Texas, who is hereby designated Probation Officer, as such officer may direct, but at least once each thirty days;

" * * *

"(9) Make restitution as and when directed by the probation officer and pay all costs of this proceeding;"

On March 22, 1963, the district attorney filed a motion to revoke probation alleging:

"1. After being granted probation on June 26, 1962, defendant was given permission on July 18, 1962, to travel to San Jose, California, where he was to make his home, and since July 24, 1962, has absconded supervision, never having contacted his probation officer in any way.

"2. Defendant has failed to make his reports as directed by his probation officer, his last report being dated July 14, 1962.

"3. Defendant has wholly failed to pay any part of his court costs and res-

titution amounting to $335.20; court costs being $46.40, and restitution $288.80."

On October 11, 1968, after a hearing, the court found that appellant had failed to comply with the conditions of probation as set forth in the motion and revoked probation.

■ The condition that the appellant "Make restitution as and when directed by the probation officer * * *" is an unauthorized delegation of authority in that it permitted the probation officer to determine the terms of probation and a failure to comply cannot be used to revoke probation. The conditions of probation should be clearly set out in the probation order by the judge granting probation so that the probationer and the authorities may know with certainty what the conditions are.[1]

The condition that probationer report to the probation officer at the Courthouse of Potter County as the probation officer might direct, but at least once each thirty days, was a part of the court's order.[2] The proof in support of revocation on this condition shows that permission was granted and appellant moved to California in 1962; that he wrote one letter to the probation officer soon after he arrived, but never wrote or made a report after that. The motion to revoke was made and an alias capias was issued in 1963. He was not apprehended until December of 1967, and refused to waive extradition.

Appellant testified that he never made any attempt between July of 1962 and the time he was arrested to contact the probation officer and that it was his mistake.

■ The trial court did not abuse its discretion in revoking the probation for failure to report to the probation officer.

1. See McDonald v. State, Tex.Cr.App., 442 S.W.2d 386, and the cases therein cited.

2. The record shows that a copy of the probation order was delivered to appellant.

■ Appellant contends that the State had no authority, after granting permission to a probationer to leave, to revoke probation. He contends that the Uniform Act For Out-of-State Parolee Supervision, Article 42.11, Vernon's Ann.C.C.P., required the State to transfer supervision to California.

■ The Act does not require a transfer of supervision when permission is granted for a probationer to leave the State. There is no showing of any attempt to transfer and no agreement by California to accept supervision. This contention is overruled.

The order revoking probation is affirmed.

WOODLEY, P. J., not participating.

ONION, Judge (concurring).

The appellant was placed on probation for 5 years on June 26, 1962, after he had been convicted of forgery upon his plea of guilty.

The motion to revoke probation alleging violations of conditions during the probationary period was filed on March 22, 1963. On the same date a warrant of arrest was issued and the motion set for hearing.

After the appellant was apprehended the actual hearing on the said motion to revoke was held on October 11, 1968, long after the five year probationary term had expired. Nevertheless, under the described conditions the hearing and subsequent revocation was proper. Ex parte Fennell, 162 Tex.Cr.R. 286, 284 S.W.2d 727; Pollard v. State, 172 Tex.Cr.R. 39, 353 S.W. 2d 449; Stover v. State, Tex.Cr.App., 365 S.W.2d 808. In such cases, however, the right of the court to revoke is limited to those violations of probation alleged in the motion to revoke filed before the expiration of the probationary period. McBee v. State, 166 Tex.Cr.R. 562, 316 S.W.2d 748.

I concur with the majority that the trial court was not authorized to revoke upon the alleged violated condition which reads: "Make restitution as and when directed by the probation officer and pay all costs of this proceeding."

First, such condition was too vague and uncertain to authorize revocation. As in Stover v. State, supra, the restitution condition did not direct payment of any sum, on any date, to anyone as a requirement.

Second, as noted in the majority opinion, the condition involved an unauthorized delegation of authority by the court to the probation officer. McDonald v. State, Tex.Cr.App., 442 S.W.2d 386. Such unauthorized delegation of authority permitted the probation officer not only to determine a condition of probation but also authorized him to alter or modify the condition from time to time as he deemed desirable without the approval of the court. A probation officer has no authority to alter conditions of probation. Campbell v. State, Tex.Cr.App., 420 S.W.2d 715. Only the court having jurisdiction of the case shall determine, fix, alter or modify the conditions of probation. See Article 42.12, Secs. 5 and 6, V.A.C.C.P.

In the case at bar it is observed that the exact amount of restitution was determined by an assistant probation officer and there was no showing exactly when that determination was made.

The question need not be passed upon here but when dealing with alleged violations of probationary conditions relating to restitution and court costs, it should be borne in mind that there must be a showing of the probationer's ability to make payments and that failure to make restitution was intentional, McKnight v. State, Tex.Cr. App., 409 S.W.2d 858; Campbell v. State, supra, and the failure to pay court costs was willful. Taylor v. State, 172 Tex.Cr. R. 45, 353 S.W.2d 422; Campbell v. State, supra.

Turning to the other alleged violated condition of probation (failure to report) it is observed that the condition is saved from vagueness and uncertainty only by the court's own requirement that the report be "at least once each thirty days." See Stover v. State, supra. The same would be true as to a charge of unauthorized delegation of authority. See McDonald v. State, supra.

Nowhere in the record do we find that the clerk of the court furnished the appellant a copy of the terms and conditions of probation and noted the same upon the docket of the court as was required by Article 781d, Sec. 6, V.A.C.C.P., when appellant was placed on probation and as is now required by Article 42.12, Sec. 6, V.A. C.C.P., 1965.

The present adult probation officer testified it had long been the policy of the court and his office to serve a copy of the probationary conditions on the probationer. An assistant probation officer related that such a copy was delivered to the appellant. The letter to appellant granting permission to move to California, which was introduced in evidence, noted that written report forms were enclosed. The appellant himself acknowledged that he failed to contact his probation officer for over five years and that it was his mistake.

I deem these circumstances sufficient to bring the case at bar within the reaches of Smith v. State, Tex.Cr.App., 422 S.W.2d 440, where the probationer, though no copy of the conditions had been furnished him, testified the court had explained to him the conditions involved in the revocation. I conclude that the court did not abuse its discretion in revoking probation upon the appellant's failure to report to his probation officer "at least once each thirty days."

Nevertheless, trial judges and court clerks would be well advised to follow the legislative mandate set forth in Article 42.12, Sec. 6, supra. While not required by statute the probationer's written acknowledgment of a receipt of a copy of the conditions of probation noted on the original order or separate instrument and filed among the papers of the cause can avoid many subsequent problems and legal questions. The same would be true when conditions of probation are altered or modified.

For the reasons stated, I concur.