Leon BANKS, Appellant,

v.

The STATE of Texas, Appellee.

No. 46614.

Court of Criminal Appeals of Texas.

March 14, 1973.

Raymon Jordan, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and George Karam, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from an order revoking probation.

On February 16, 1971, appellant was convicted of the offense of possession of marihuana. His punishment was assessed by the court at three years, probated. A condition of probation was that he commit no offense against the laws of this or any other state or the United States.

On October 27, 1971, a motion to revoke probation was filed. It alleged that on September 9, 1971, the appellant committed the offenses of burglary and felony theft. A hearing on the motion to revoke was held on February 24, 1972. Then, on February 25, 1972, before the hearing was concluded, a trial amendment was made to the motion to revoke additionally alleging that appellant possessed a "short-barrelled shotgun" in violation of Title 18 and Title 26, United States Code.

The court found that the appellant violated the conditions of probation by committing burglary and by violating the Federal law by unlawfully possessing a shotgun less than 26 inches overall and with a barrel less than 18 inches.

Appellant contends that the trial court abused its discretion in revoking his probation. Initially he argues that the trial court improperly denied his request to see a copy of the police offense report.

■ The record shows that Officer Lewis only used the report to refresh his memory as to the date of the offense. There is no showing, nor was there any attempt to show, that Officer Lewis either wrote the report or assisted in the preparation of the report. Therefore, it was not error for the trial court to refuse to allow the appellant to see the offense report. Leal v. State, Tex.Cr.App., 442 S.W.2d 736. Further, no effort was made to have the offense report included in the record for this Court to review.

■■ Next, appellant argues that error was committed when the State was permitted to file a trial amendment to its motion to revoke.

In his brief, counsel for appellant states: "To allow a trial amendment after both sides have rest (sic) without offering opportunity to appellant to defend himself is the clearest abuse of discretion." The record shows that counsel admitted receiving a copy of the trial amendment before the hearing and that it was filed before either side rested. Nowhere in the record is there a claim of surprise or a request for additional time to reply. Trial amendments are permissible in revocation of probation proceedings. See Jackson v. State, Tex.Cr.App., 464 S.W.2d 153, and Tate v. State, Tex.Cr.App., 365 S.W.2d 789.

■ Finally, appellant contends that the evidence is insufficient to show that he committed the offense of burglary.

Thelma Williams, the complaining witness, testified that her apartment was burglarized and that two days later she accompanied police officers to appellant's apartment where her television and other items stolen from her were found. The television was identified by serial number. Officer Lewis testified that he recovered certain stolen items belonging to Miss Williams from appellant's apartment in addition to the illegal shotgun while the appellant was present. Further, there is no evidence in the record of any explanation given by appellant at the time he was found in possession as to the reason therefor. The evidence is sufficient. See 5 Branch's Ann.P.C.2d, Section 2650, page 96.

Finding no abuse of discretion, the judgment is affirmed.

No motion for rehearing will be filed by the Clerk of this Court or entertained except upon good cause shown.