**Samuel Martinez CABRERA, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 46799.**

Court of Criminal Appeals of Texas.

May 9, 1973.

Ricardo Garcia, Harlingen, for appellant.

Fred Galindo, Dist. Atty., Menton Murray, Jr., Asst. Dist. Atty., Brownsville, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

This is an appeal from an order revoking probation.

On June 18, 1971, the appellant was found guilty of attempting to pass as true a forged instrument. His punishment was assessed at a term of two years, probated. A condition of probation was that he commit no offense against the laws of this State. On May 22, 1972, a motion to revoke probation was filed. It alleged that appellant had violated the terms of his probation by being drunk in a public place on nine separate occasions.

Appellant contends that the trial court abused its discretion in revoking his probation because the evidence is insufficient to prove the alleged acts and by permitting the State to amend its motion to revoke.

Officer Donald Duncan of the Harlingen police department testified that the appellant was drunk in the Los Amigos Bar on August 8, 1971, and that he was drunk again on October 8, 1971, in BG's Tavern. Officer Robert Archer testified that in the early hours of the morning on August 17, 1971, the appellant was drunk and passed out in his car on Van Buren Street. Officer Isidro Cavazos testified that on the evening of January 18, 1972, the appellant was drunk at the Lopez Hotel. Officer David Knight testified that the appellant was drunk during the early hours of the morning on April 15, 1972, in front of the Gulf Welding Supply Company in Harlingen. The officers testified that they arrested the appellant for being drunk on each occasion mentioned above.

The court had more than sufficient evidence to revoke the probation.

Next, appellant urges that it was improper for the trial court to permit an amendment to the motion to revoke after the hearing began to show the correct date of the judgment.

The original motion alleged that appellant had been convicted on June 13, 1971, as amended it recites June 18, 1971. He urges that the same standards applicable to amending an indictment or information are applicable to a motion to revoke probation.

The original motion informed appellant of the judgment of probation. There is no showing of surprise or a request for additional time to prepare for the hearing. Trial amendments are permissible in revocation of probation proceedings. Banks v. State, Tex.Cr.App., 491 S.W.2d 417. It was proper in the present case. The rules applicable to the amendment of indictments do not apply.

No abuse of discretion being shown, the judgment is affirmed.