**Michael Leroy GRAHAM, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 47712.

Court of Criminal Appeals of Texas.

Dec. 19, 1973.

William B. Smith, Midland, for appellant.

James A. Mashburn, Dist. Atty., and Jerry Buckner, Asst. Dist. Atty., Midland, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is an appeal from an order revoking probation.

On February 10, 1971, appellant entered a plea of guilty before the court to the offense of unlawfully carrying a pistol while on or inside a premises covered by a retail dealer's on premises beer license. The court assessed his punishment at three (3) years, but suspended the imposition of the sentence and placed the appellant on probation. Among the conditions of probation imposed were:

"(d) Report to the Probation officer as directed;

.    .    .    .    .    .

"(g) Remain within a specified place;

.    .    .    .    .    .

"(i) Support his dependents.

.    .    .    .    .    .

"(k) Change of address or employment should be reported immediately to Probation Officer."

On August 18, 1972, the State filed its second motion to revoke probation[1] alleging in general and vague terms that appellant had violated the foregoing probationary conditions in the following manner:

"1) Defendant failed to report to the Probation Office as directed.

"2) Defendant failed to remain in a specified place, to-wit: Midland County.

"3) Defendant failed to support his dependents.

"4) Defendant failed to report change of address or employment immediately to the Probation Officer."

On May 17, 1973, after a hearing on such motion, the court revoked probation and then imposed sentence and notice of appeal was timely given.

At the conclusion of the hearing the court orally announced that it was revoking probation for failure to report to the probation officer.

The written order revoking probation, however, made the finding that appellant violated all of the probationary conditions alleged in the motion to revoke probation.

Prior to the hearing the appellant filed a written motion to quash the revocation motion on the grounds that the same was general and vague, not informing him as to when the alleged violations of probationary conditions occurred and that he was unable to prepare a defense to the same without such information. The State did not amend its pleadings and the court overruled appellant's motion.

1. The record reflects that an earlier revocation hearing following the first motion to revoke resulted in the court allowing the appellant to continue on probation.

The State's motion was clearly defective. See Horman v. State, 423 S. W.2d 317 (Tex.Cr.App.1968); Cox v. State, 445 S.W.2d 200 (Tex.Cr.App.1969); Stover v. State, 365 S.W.2d 808 (Tex.Cr. App.1963). The motion was couched in such general terms as to give the appellant no notice as to when he had violated his probationary conditions or to enable him to prepare a defense or to determine what witnesses to subpoena. No dates or other details were alleged. While the allegations in a motion to revoke probation do not require the same particularity of an indictment or information, in all fairness, the allegations as to a violation of probation should be fully and clearly set forth in the revocation motion and a copy timely served on the probationer so that he might be informed as to that upon which he will be called to defend. Campbell v. State, 456 S.W.2d 918 (Tex.Cr.App.1970); Jansson v. State, 473 S.W.2d 40, 42 (Tex.Cr.App. 1971); Gamble v. State, 484 S.W.2d 713 (Tex.Cr.App.1972); Burkett v. State, 485 S.W.2d 578 (Tex.Cr.App.1972); Kuenstler v. State, 486 S.W.2d 367, 368 (Tex.Cr. App.1972). When the motion fails to fully inform the probationer, he is denied the rudiments of due process. Kuenstler v. State, supra; cf. Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972); Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 35 L.Ed.2d 656 (1973). Still further, this court has repeatedly held that due process applies to revocation hearings, see e. g., Campbell v. State, supra.

It is to be observed that appellant did not wait until the time of appeal to raise the issue for the first time as was done in Vance v. State, 485 S.W.2d 580 (Tex.Cr. App.1972); Kinard v. State, 477 S.W.2d 896 (Tex.Cr.App.1972); Wilcox v. State, 477 S.W.2d 900 (Tex.Cr.App.1972), and Guinn v. State, 163 Tex.Cr.R. 181, 289 S. W.2d 583 (1956), nor did he even wait until after announcements were made and the hearing commenced, which was held untimely in Dempsey v. State, 496 S.W.2d 49 (Tex.Cr.App.1973).

The overruling of appellant's motion to quash the State's pleadings and not requiring the State to amend the pleadings to give the appellant fair notice constituted an abuse of discretion which requires reversal.

Even if it can be argued that there is evidence in the record to support the revocation order, this "is not an answer to the deficiency in the pleadings." Burkett, supra, 485 S.W.2d at p. 580. In this connection we note that the evidence supports only the failure to report[2] and not the other grounds incorporated in the written order to revoke.

For the reasons stated, the judgment is reversed and cause remanded.

2. We note that the probationary condition on reporting fails to inform the probationer just when he is to report to the probation officer. It merely says "as directed." The probation officer testified that the appellant had been instructed to report on the first and fifteenth days of each month. The record does not reveal who directed him to report on those dates. The better practice is for the probationary condition to set forth the date or dates upon which the probationer is to report and copies of all conditions served upon the probationer as required by the statute. This avoids problems of proof when the alleged violation is failure to report, and avoids any claim that the court unlawfully delegated to the probation officer the authority to fix the conditions of probation, for the statute permits only the court to fix and later alter or modify the conditions of probation. Article 42.12, Secs. 5 and 6, Vernon's Ann.C.C.P.; McDonald v. State, 442 S.W.2d 386 (Tex.Cr. App.1969).