**Danny Lee NICKLAS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 49683.**

Court of Criminal Appeals of Texas.

June 4, 1975.

Rehearing Denied Dec. 19, 1975.

Kerry P. Fitzgerald, Dallas, for appellant.

Henry Wade, Dist. Atty., and John H. Hagler, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is an appeal from an order revoking probation.

The question presented by this appeal is one of first impression. May a trial judge revoke probation and then, after the appellate brief is filed in the trial court under Article 40.09, Sec. 9, Vernon's Ann.C.C.P., grant a new trial and conduct a new revocation hearing on an amended motion to revoke probation filed one year after original hearing and the giving of notice of appeal and over six months after expiration of the probationary period or term?

The appellant entered a plea of guilty before the court to the possession of marihuana on June 3, 1971. His punishment was assessed at two (2) years, probated. One of the conditions of probation was that appellant "(a) *Commit* no offense against the laws of this or any other state or the United States." (Emphasis Supplied)

It appears that on October 11, 1972, the probation officer filed a report of violation of a probationary condition and a capias was issued and appellant was arrested.

 On December 8, 1972, the State filed a motion to revoke which alleged:

"Subject has been charged with drunk and disorderly aggravated. Subject plead guilty in Criminal District Court No. 5 on August 4, 1972, to a charge of assault with a prohibited weapon—Case No. C72–5399–IL. Received 70 days plus Court Costs."[1]

On the same date the motion was filed (December 8, 1972) a hearing was held on such motion, at the conclusion of which the court revoked probation, stating the appellant had violated the conditions of probation "as alleged and he was drunk and disorderly on the 10th day of October . . . .." The appellant was then sentenced. Notice of appeal was timely given on December 15, 1972.

On June 3, 1973, the original probationary period of two years expired.

On September 4, 1973, appellant filed his appellate brief in the trial court in accordance with Article 40.09, Sec. 9, Vernon's Ann.C.C.P. In such brief appellant contended, among other things, the trial court abused its discretion in overruling the objection to the proceedings for lack of receipt of a copy of the motion to revoke before the hearing began, contending that the court's tactics of threatening to postpone the hearing and put the appellant back in jail for a month or so caused the appellant to instruct his counsel to withdraw all objections. Appellant also contended that the evidence was insufficient to support revocation on the grounds alleged, calling attention to the fact that if appellant was drunk on October 10, 1972, it was in his own home and did not reflect a violation of the law, and his guilty plea on the assault charge was coerced.

On December 18, 1973, the State filed its "First Amended Motion to Revoke Probation," although the probation had already

---

1. The form of the motion leaves much to be desired. The allegations of a revocation motion need not be as precise as those of an indictment, *Campbell v. State,* 456 S.W.2d 918 (Tex.Cr.App.1970), but must give fair notice and should allege a violation of the law where that is the probationary condition violated. *Jansson v. State,* 473 S.W.2d 40, 42 (Tex.Cr.App.1971). See also *Graham v. State,* 502 S.W.2d 809 (Tex.Cr.App.1973). It should be borne in mind that the fact of arrest, standing alone, or the mere fact that a formal complaint has been filed is not sufficient to show a penal offense has been committed. *Vance v. State,* 485 S.W.2d 580 (Tex.Cr.App.1972); *Rutledge v. State,* 468 S.W.2d 802 (Tex.Cr.App.1971), and cases there cited. The allegation that appellant was charged with an offense was not a sufficient allegation. Further, as to the allegation as to a conviction to show the commission of a penal offense during probationary period, this court has repeatedly noted the difficulties inherent therein. See, i. e., *Spencer v. State,* 503 S.W.2d 557 (Tex.Cr. App.1974); *Cannon v. State,* 479 S.W.2d 317 (Tex.Cr.App.1972); *Mason v. State,* 438 S.W.2d 556 (Tex.Cr.App.1969); *Scott v. State,* 516 S.W.2d 196 (Tex.Cr.App.1974).

been revoked and the probationary period had expired and an appeal was under way. This motion alleged the commission of the offense of assault with a prohibited weapon upon one Jessie Cranford "on or about the 20th day of May, 1972," and further alleged that it was the same offense alleged in the original motion to revoke on December 8, 1972. The record does not reflect that any capias or arrest warrant was ever issued as a result thereof.

On January 18, 1974, the court called a hearing on such motion. Appellant expressly objected to any proceedings since the motion was filed after revocation of probation and after the expiration of the probationary period. At the conclusion of colloquy at the bench, the court, on its own motion, granted a new trial and set a hearing on the amended motion for revocation.[2]

On February 8, 1974, the court conducted a hearing on the amended motion to revoke, stating to appellant's objection that a new trial had been granted, "the obvious reason being to cure any error that may have been in the first of the case and that is what the Court did in this case." At the conclusion of the hearing the court again revoked probation on the basis of the assault with a prohibited weapon and again sentenced the appellant. Notice of appeal was given. Findings of fact and conclusions of law were subsequently filed upon request.

■ While the trial judge undoubtedly retained jurisdiction over the case and had the right to grant a new trial under the provisions of Article 40.09, Vernon's Ann.C. C.P., we cannot conclude that he had the authority to revoke probation based upon a revocation motion filed after the expiration of the probationary period.

In *Ex parte Fernandez*, 156 Tex.Cr.R. 246, 241 S.W.2d 155 (1951), the offense made the basis of the revocation occurred and the filing of the revocation motion and the issuance of the capias or warrant all took place after the expiration of the proba-

tionary period. The court set aside the conviction upon collateral attack, holding that the trial court was without authority to revoke probation under these circumstances.

The lack of authority of the trial court to revoke under these circumstances does not solely turn, however, upon the fact that the offense made the basis of the revocation occurred after expiration of the probationary period. The following cases involved situations where the alleged penal law violation occurred during the probationary period.

In *Coffey v. State*, 500 S.W.2d 515 (Tex. Cr.App.1973), we wrote:

"This Court has recently held that where the motion to revoke probation has been filed subsequent to the period of probation the Court does not have jurisdiction to entertain the motion and therefore probation may not then be revoked. *Howard v. State*, 495 S.W.2d 252 (Tex.Cr. App.1973) and see *McBee v. State*, 166 Tex.Cr.R. 562, 316 S.W.2d 748 (1958). Since the trial court did not have jurisdiction to revoke the appellant's probation on August 16, 1968, the sentence imposed was void and that conviction cannot be used for enhancement of punishment."

■ In *Pollard v. State*, 172 Tex.Cr.R. 39, 353 S.W.2d 449 (1962), the revocation motion was filed prior to the expiration period but the revocation hearing was held subsequent thereto, but no capias or warrant was issued. There, the court held that the trial judge could not, after the term of probation had ended, enter a revocation order where the record was silent as to issuance of any capias or warrant for the arrest of the probationer or setting of a hearing before expiration. See also *Lynch v. State*, 502 S.W.2d 740 (Tex.Cr.App.1973), which cited *Pollard* with approval and reached the same result. It is clear then that even if the revocation motion is filed prior to the expi-

2. It does not appear at any time that the amended motion to revoke probation was ever re-filed after the granting of the new trial. It retains only one file mark.

ration of the probationary period, revocation cannot be ordered subsequently if a warrant or capias for the arrest of the probationer is not ordered prior to such expiration.[3]

The above cases are to be distinguished from the *Fennell* line of cases. See *Ex parte Fennell,* 284 S.W.2d 727 (Tex.Cr.App. 1955). In these cases the revocation motions were filed and the arrest warrants issued prior to expiration of the probationary periods although the revocation hearings were held subsequently but shortly after the arrest of the defendant. These revocations have been held proper under most circumstances. See, i. e., *Ex parte Fennell, supra; Leija v. State,* 167 Tex.Cr.R. 300, 320 S.W.2d 3 (Tex.Cr.App.1958); *Ortega v. State,* 414 S.W.2d 465 (Tex.Cr.App.1967); *Cox v. State,* 445 S.W.2d 200 (Tex.Cr.App. 1969); *Bobo v. State,* 479 S.W.2d 947 (Tex. Cr.App.1972); *Bryant v. State,* 496 S.W.2d 565 (Tex.Cr.App.1973); *Standley v. State,* 517 S.W.2d 538 (Tex.Cr.App.1975); *Strickland v. State,* 523 S.W.2d 250 (Tex.Cr.App. 1975). And this is particularly true where the court's order of arrest is followed by a diligent effort to apprehend and to hear and determine the claimed violation. *Stover v. State,* 365 S.W.2d 808 (Tex.Cr.App. 1963).

In such cases, however, the right of the court to revoke is limited to those violations of probation alleged in the revocation motion filed prior to the expiration of the probationary period. *McBee v. State,* 166 Tex.Cr.R. 562, 316 S.W.2d 748 (1958); *Cox v. State,* 445 S.W.2d 200 (Tex.Cr.App.1969) (Concurring Opinion); *Standley v. State, supra,* footnote # 1.

In the instant case the State argues that the second motion was only an amendment of the original motion to revoke, citing *Banks v. State,* 491 S.W.2d 417 (Tex.Cr. App.1973). *Banks* does authorize "trial" amendments of a revocation motion,[4] but the amended motion here was not a trial amendment filed during "trial" but was filed after revocation, sentence, notice of appeal, the filing of appellant's brief, etc., and was used as the basis for granting a new trial and for a second hearing on revocation. A different rule is not called for as urged by the State because no new allegations were contained therein.[5]

The State further, in justification of the trial court's action, urges that the filing of the original motion and the issuance of the capias tolled the running of the probationary period. The cases cited do not support that proposition. The State's argument, if carried to its logical conclusion, would mean that in every revocation of probation case reversed by this court long after the expiration of the probationary period an amended motion could then be filed on the claim that the filing of the original motion of revocation and the issuance of the warrant tolled the running of the probationary period. The law has never permitted this type of action after the expiration of the probationary period.

For the reasons stated, the judgment is reversed and the prosecution is ordered dismissed.

DOUGLAS, Judge (concurring).

I concur in the result reached under the circumstances of this case solely because

---

**3.** It is to be observed that Article 42.12, Sec. 8, Vernon's Ann.C.C.P., provides in part that "At any time *during the period of probation* the court may issue a warrant for violation of any of the conditions of the probation and cause the defendant to be arrested. . . ." (Emphasis Supplied)

**4.** For authority supporting "trial" amendments of a revocation motion see also *Spencer v. State,* 503 S.W.2d 557 (Tex.Cr. App.1974); *Cabrera v. State,* 494 S.W.2d

177 (Tex.Cr.App.1973); *Jackson v. State,* 464 S.W.2d 153 (Tex.Cr.App.1971); *Tate v. State,* 365 S.W.2d 789 (Tex.Cr.App.1963).

**5.** The amended revocation motion deleted any reference to the "drunk" charge, and alleged the commission of the assault charge rather than alleging the conviction for the assault as a means of showing the commission of the offense. See and compare footnote # 1, id.

the motion to revoke relied upon was filed after the term of probation had expired.

ODOM, J., joins in this concurrence.

ROBERTS, Judge (concurring).

Although I agree substantially with the opinion of my brother Onion, I feel it necessary to add several words about the problem mentioned in footnote 2 of that opinion.

The record clearly reflects that the amended motion to revoke was filed after the filing of appellant's brief but before a new trial was granted by the trial court. As noted by Presiding Judge Onion, the amended motion to revoke was never re-filed, yet the trial court proceeded to revoke the appellant's probation based on the *amended* motion.

Due process requirements apply to probation revocation proceedings. *Gagnon v. Scarpelli,* 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973); *Campbell v. State,* 456 S.W.2d 918, 921 (Tex.Cr.App.1970). And while the rules applicable to indictments and the degree of particularity required do not fully apply to motions to revoke probation, the fundamental standards of due process regarding fair notice must be satisfied. *Graham v. State,* 502 S.W.2d 809, 811 (Tex.Cr.App.1973).

I would hold that the original revocation motion was inadequate to give the appellant fair notice. *Graham v. State, supra.* I would also hold that any revocation based on the amended motion was void—not only because it was filed after the conclusion of the probationary term, but also because it was of no legal effect after the granting of a new trial. The amended motion could not

be deemed to have been "automatically" re-filed by the court's granting appellant a new trial.

I would reverse the judgment and order that the prosecution be dismissed.

## DISSENTING OPINION ON STATE'S MOTION FOR REHEARING

DOUGLAS, Judge.

In the original opinion the Court wrote that the question presented by this appeal is whether ". . . a trial judge [may] revoke probation and then, after the appellate brief is filed in the trial court under Article 40.09, Section 9, V.A.C.C.P., grant a new trial and conduct a new revocation hearing on an amended motion to revoke probation filed one year after original hearing and the giving of notice of appeal and over six months after expiration of the probationary period or term?" This Court answered that he could not.

Does probation continue while a revocation hearing is on appeal? If probationer does not have to live up to the conditions of probation while the revocation hearing is on appeal, then this Court should hold that the period of probation is abated or suspended. With the period of probation suspended, the term of probation would not run. Therefore, after notice of appeal had been given, the running of the probation period would be tolled. It would follow that the two year term of probation had not expired and the trial court had jurisdiction to enter its order of revocation on the amended or new motion.

The State's motion for rehearing should be granted.[1]

---

1. In the opinion of the writer it would be better for this Court to hold that probation is in effect with all of its conditions from the time it is originally granted. A probationer should not be able to suspend probation by the mere giving notice of appeal. He is, in effect, by his own wrongdoing and appeal setting the probation aside. Probation should be construed to be a status. After a revocation hearing the original probation is not appealed, generally only its revocation is appealed. See *Gossett v. State,* 162 Tex. Cr.R. 52, 282 S.W.2d 59 (1955). If probation is permitted to run as it should after notice of appeal has been given, then several motions to revoke might be filed on the probationer before the term of probation has expired.

A defendant should not be given credit on the probation time, and then after an appeal and a possible reversal be free even though

he may have violated the terms of probation several times during the appeal.

Holding that probation is still in effect would be analogous to the holdings under the former driving while intoxicated statute, Article 802b, V.A.P.C. Once a defendant had been convicted of the misdemeanor offense of driving a motor vehicle on a public road while intoxicated, his status was established. Anytime he was charged with driving a motor vehicle upon a public road thereafter, he could be charged as a felon under the subsequent offender statute, Article 802b, supra. Several cases using the

prior misdemeanor could be pending at the same time.

This Court should hold that the probationer is subject to the conditions of probation while the revocation proceedings are on appeal. Not doing this, the Court should hold that the period of probation is tolled during appeal, and a probationer must live up to the terms of probation as ordered by the trial judge.

An amendment to the statutes is needed to allow probation to run or to abate probation while the revocation proceedings are on appeal.