In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-03-00009-CR


______________________________




WILMER CABRERA, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 337th Judicial District Court


Harris County, Texas


Trial Court No. 818288




 




Before Morriss, C.J., Ross and Carter, JJ.


Memorandum Opinion by Chief Justice Morriss



MEMORANDUM OPINION


 On August 17, 1999, Wilmer Cabrera pled guilty in Harris County cause number 818288 to
possession of cocaine weighing less than one gram. Having previously admonished Cabrera about
the punishment range applicable in this case, the trial court accepted Cabrera's plea and deferred a
finding of guilt, placing Cabrera on community supervision for a period of three years, provided and
conditioned that he, among other things, commit no new offenses, participate in the community
service work program, pay a $5.00 laboratory urinalysis fee each month, and pay a monthly
supervision fee, court costs, and a $1,000.00 fine. 

 On December 17, 1999, the State filed a motion to proceed to final adjudication of Cabrera's
guilt, alleging Cabrera had assaulted a family member, failed to pay his fees, and failed to complete
his community service work. On November 26, 2002, the trial court heard evidence and arguments
regarding the State's motion to adjudicate guilt. At the conclusion of the hearing, the trial court
found the allegations in the State's motion true, adjudicated Cabrera's guilt, revoked his community
supervision, and sentenced him to two years' confinement in a state jail facility. 

 On May 23, 2003, Cabrera's appellate counsel filed an Anders (1) brief in which she
professionally discussed the record, described the issues reviewed, and concluded there were no
arguable grounds for appeal and, as required by Anders, also filed a motion to withdraw. Counsel
also sent Cabrera a copy of the appellate brief and informed Cabrera of his rights to file a pro se
response and to review the record. 

 This Court informed Cabrera at that time that his response, if any, was due within thirty days. 
After granting Cabrera an extension until July 9, 2003, we have not, as of this date, received his
response. We have independently reviewed the record and the brief filed by counsel in this appeal,
and we agree there are no arguable issues that would support an appeal in this case. 

 We first note that the trial court properly had jurisdiction to consider the State's motion to
adjudicate guilt. Cabrera's community supervision began on August 17, 1999; it was scheduled to
expire on August 16, 2002. The trial court did not hold the hearing on the State's motion to
adjudicate guilt until November 26, 2002, more than three months after the date Cabrera's
community supervision was scheduled to expire. Nonetheless, the State filed its motion to
adjudicate guilt and issued an alias capias for Cabrera's arrest on December 17, 1999, thus conferring
jurisdiction on the trial court to decide whether to adjudicate Cabrera's guilt even after the scheduled
date of the community supervision's expiration. Cf. Nicklas v. State, 530 S.W.2d 537, 540 (Tex.
Crim. App. 1975) (trial court lacked jurisdiction to revoke probation when State's motion was not
filed prior to expiration of probationary period).

 We next note that the general scope of our appellate jurisdiction is limited in cases such as
Cabrera's. We may not review a trial court's decision to proceed to an adjudication of guilt, but we
may consider issues related to the trial court's assessment of punishment. Tex. Code Crim. Proc.
Ann. art. 42.12, § 5(b) (Vernon Supp. 2003); Vidaurri v. State, 49 S.W.3d 880 (Tex. Crim. App.
2001). The record shows on October 3, 2002, Cabrera pled guilty to assaulting a family member in
a November 30, 1999, incident. This misdemeanor conviction was entered in County Court at Law
No. 1 of Harris County in cause number 9954437. The County Court at Law sentenced Cabrera to
three days in jail. 

 At the hearing on the State's motion to adjudicate in the case now before us, Cabrera admitted
he left the country for over a year during the period of his community supervision, without either
notifying his community supervision officer or obtaining the trial court's permission. During his
absence, Cabrera failed to report to his community supervision officer, failed to pay his supervision
fees, fines, laboratory fees, and court costs, and also neglected to work in the community service
program. On his return to the United States, Cabrera did not report to his community supervision
officer. 








 In this case, the punishment assessed by the trial court was two years' confinement in a state
jail  facility.  This  is  within  the  range  permitted  under  Texas  law.  See  Tex.  Pen.  Code  Ann. 

§ 12.35(a) (Vernon 2003). The record reflects Cabrera had an opportunity to present evidence and
argument regarding punishment. Accordingly, we affirm the trial court's judgment.

 



 Josh R. Morriss, III

 Chief Justice


Date Submitted: September 5, 2003

Date Decided: September 17, 2003


Do Not Publish


1. Anders v. California, 386 U.S. 738 (1967).


n, only if that initial comparison created an inference that the sentence was
grossly disproportionate to the offense should there be a consideration of the other two Solem
factors--(1) sentences for similar crimes in the same jurisdiction and (2) sentences for the same
crime in other jurisdictions. McGruder, 954 F.2d at 316; Mullins v. State, 208 S.W.3d 469, 470
(Tex. App.--Texarkana 2006, no pet.); Dunn, 997 S.W.2d at 892; Lackey, 881 S.W.2d at 420-21. 

 Even if one were to conclude that Cooksie's sentence is grossly disproportionate to the crime
she committed, there is no evidence in the record from which we could compare her sentence to the
sentences imposed on other persons in Texas or on persons in other jurisdictions who committed a
similar offense. See Latham v. State, 20 S.W.3d 63, 69 (Tex. App.--Texarkana 2000, pet. ref'd);
Davis v. State, 905 S.W.2d 655, 664-65 (Tex. App.--Texarkana 1995, pet. ref'd). Without such
evidence, the record before us does not support Cooksie's claim of demonstrable error. Cf. Jackson,
989 S.W.2d at 846 ("there is no evidence in the record reflecting sentences imposed for similar
offenses on criminals in Texas or other jurisdictions by which to make a comparison"). We overrule
this point of error.


 We affirm the trial court's judgment.


 Josh R. Morriss, III

 Chief Justice


Date Submitted: December 5, 2007

Date Decided: December 11, 2007


Do Not Publish 

 


1. Cooksie stated that her maiden name is Cooksie, and stated her name in the record as
"Cassandra Gail Cooksie Johnson." Her name is listed on the judgment as "Cassandra Johnson
Cooksie." We refer to her in this opinion as Cooksie.