**REVERSE and REMAND; Opinion Filed May 4, 2020**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-19-00594-CR
### No. 05-19-00595-CR

**RODRIGO VENTURA BADILLO, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 401st Judicial District Court**
**Collin County, Texas**
**Trial Court Cause Nos. 401-80870-2016, 401-82197-2016**

## MEMORANDUM OPINION

Before Justices Schenck, Osborne, and Reichek
Opinion by Justice Schenck

Rodrigo Ventura Badillo appeals his convictions for sexual assault of a child, indecency with a child by sexual contact, and assault on a family member impeding breathing or circulation. In a single issue, appellant urges the trial court lacked jurisdiction to enter adjudications of guilt and proceed to sentencing based on amended petitions to adjudicate filed after the expiration of appellant's deferred adjudication. We reverse the trial court's judgments and remand the cases to the trial court for further proceedings consistent with this opinion. Because all issues are settled in the law, we issue this memorandum opinion. TEX. R. APP. P. 47.4.

BACKGROUND

Appellant was charged by indictment with five counts of Sexual Assault of a Child and four counts of Indecency with a Child by Sexual Contact in cause number 401-80870-2016, and with Assault on a Family Member Impeding Breathing or Circulation in cause number 401-82197-2016. On November 14, 2016, appellant pleaded guilty to the charges in both cases and, pursuant to a plea agreement, was placed on deferred adjudication for a period of two years. In anticipation of appellant's subsequent deportation, the trial court advised appellant that he would still probably be expected to comply with the terms of his community supervision, and provided appellant paperwork to assist him in remotely reporting and making required payments. The trial court also admonished appellant not to illegally re-enter the United States. Appellant was subsequently deported and failed to comply with his community supervision conditions.

As a consequence, on February 17, 2018, in both the 401-80870-2016 and the 401-82197-2016 cases, the State filed petitions to adjudicate on all counts, and the trial court issued a capias for appellant on the same day. In the petitions, the State alleged that appellant failed to make certain payments and failed to report in violation of the terms of his community supervision. The State also alleged that on November 18, 2016, appellant committed the offense of Alien Present without Admission or Parole. On September 20, 2018, the State filed its first amended petitions to adjudicate in the sexual assault and indecency case, and the clerk of the

court issued a precept to serve on the same day. In the amended petitions, the State alleged additional violations of the community supervision conditions, including additional months of failure to report, failure to participate in certain programs, failure to submit to a substance abuse evaluation, and failure to pay additional monies. On October 11, 2018, appellant committed the offense of illegal re-entry into the United States. On November 13, 2018, appellant's two year term of community supervision expired. On November 20, 2018, the State filed its second amended petitions to adjudicate in the sexual assault and indecency case. On the next day, the State filed its first amended petition to adjudicate in the assault case. The amended petitions alleged appellant's illegal re-entry violated the terms of his community supervision. Thereafter, the trial court issued capias in both cases.

On April 17, 2019, the trial court conducted a hearing on the petitions to adjudicate guilt. Appellant pleaded "not true" to the allegations in the State's amended petitions to adjudicate in both cases. Appellant's probation officer testified to each of the violations alleged in the petitions. The State also established appellant had been convicted by a federal court of illegal re-entry. At the conclusion of the hearing, the trial court found the first allegation of the State's petitions (that appellant committed the offense of Illegal Re-Entry) true,[1] entered an adjudication of guilt in both cases, and sentenced appellant to 12 years confinement in each count in cause

---

[1] Contrary to the trial court's oral pronouncement at the hearing, the judgments adjudicating guilt state that all of the violations alleged in the State's amended petitions were found to be true.

number 401-80870-2016, with all counts running concurrently, and to 5 years confinement in cause number 401-82197-2016. These appeals followed.

Under article 42A.751 of the code of criminal procedure, the trial court's jurisdiction to conduct proceedings on a petition to adjudicate guilt is contingent on the filing of the petition and the issuance of a capias before the expiration of the supervisory period. TEX. CODE CRIM. PROC. ANN. art. 42A.751(l). If the petition is timely filed and the capias is timely issued, the trial court retains jurisdiction over the defendant and may conduct proceedings on the petition even after the supervisory period expires. *Nickolas v. State*, 530 S.W.2d 537, 541 (Tex. Crim. App. 1975). In such cases, the court's right to adjudicate is limited to those violations alleged in the petition filed before the supervisory period expired. *Id.*

In appellant's cases, the State filed petitions to adjudicate guilt before the expiration of the two-year supervisory term. But the State and the trial court did not proceed on those petitions. Instead, they proceeded on amended petitions filed approximately one week after the supervisory term expired. Because the trial court did not have authority to adjudicate appellant's guilt based on an amended petition filed after the expiration of his supervisory term, the judgments are void. *Ex parte Moss*, 446 S.W.3d 786, 789 (Tex. Crim. App. 2014).

Nevertheless, the trial court still retains jurisdiction over the other, timely filed petitions to adjudicate and may conduct proceedings on those petitions on remand.

–4–

*See Guillot v. State*, 543 S.W.2d 650, 653 (Tex. Crim. App. 1976) (holding trial court could not revoke based on allegations contained in untimely revocation motion but could proceed on other allegations alleged in previously and timely filed revocation motion).

## CONCLUSION

Accordingly, we reverse the trial court's judgments and remand the cases to the trial court for further proceedings consistent with this opinion.

/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

DO NOT PUBLISH
TEX. R. APP. P. 47
190594F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

RODRIGO VENTURA BADILLO,
Appellant

No. 05-19-00594-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 401st Judicial
District Court, Collin County, Texas
Trial Court Cause No. 401-80870-
2016.
Opinion delivered by Justice
Schenck. Justices Osborne and
Reichek participating.

Based on the Court's opinion of this date, the judgment of the trial court is **REVERSED** and the cause **REMANDED** for further proceedings consistent with this opinion.

Judgment entered this 4th day of May, 2020.



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

RODRIGO VENTURA BADILLO,
Appellant

No. 05-19-00595-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 401st Judicial
District Court, Collin County, Texas
Trial Court Cause No. 401-82197-
2016.
Opinion delivered by Justice
Schenck. Justices Osborne and
Reichek participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**REVERSED** and the cause **REMANDED** for further proceedings consistent with
this opinion.

Judgment entered this 4th day of May, 2020.