

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-20-00241-CR

ALBERT LEE SANDEFUR GARCIA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 287th District Court
Bailey County, Texas
Trial Court No. 3053, Honorable Gordon H. Green, Presiding

October 19, 2021

MEMORANDUM OPINION

Before QUINN, C.J., PARKER and DOSS, JJ.

Appellant, Albert Lee Sandefur Garcia, appeals the order revoking his community supervision and sentencing him to ten years in prison. He originally pled guilty to the charged offense of assault on a family member which was enhanced by a prior conviction for family violence. He was sentenced to ten years' incarceration, which sentence was then suspended in exchange for an eight-year probation term. The State, subsequently, moved to revoke his probation based on various alleged violations of the conditions appended to same. Appellant entered a plea of true to two of the allegations. After a

hearing was held, the trial court found that appellant violated his probation, revoked same, and sentenced him to ten years in prison. Appellant now appeals.

Appellant's counsel has filed a motion to withdraw together with an *Anders*[1] brief. Through those documents, he certifies to the Court that, after diligently searching the record, the appeal is without merit. Accompanying the brief and motion is a copy of a letter sent by counsel to appellant informing the latter of counsel's belief that there is no reversible error and of appellant's right to file a pro se response to counsel's *Anders* brief. So too did counsel provide appellant with the appellate record, according to counsel's letter. By letter dated February 10, 2021, this Court notified appellant of his right to file his own brief or response by March 12, 2021, if he wished to do so. To date, appellant has not filed a response.

In compliance with the principles enunciated in *Anders*, appellate counsel discussed potential areas for appeal. They concerned 1) the failure of the trial court to give notice of the evidence on which it relied in revoking appellant's probation creating a Due Process violation, 2) sufficiency of the evidence, 3) punishment, 4) errors in the judgment, and 5) ineffective assistance of counsel. However, he then explained why the issues lacked merit, except for those involving recitations in the judgment. We conducted our own review of the record to uncover arguable error per *In re Schulman,* 252 S.W.3d 403 (Tex. Crim. App. 2008), and *Stafford v. State,* 813 S.W.2d 503 (Tex. Crim. App. 1991) (en banc), and agree with counsel's assessment. There are no arguable issues warranting reversal.

---

[1] *See Anders v. California,* 386 U.S. 738, 744–45, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

As for errors in the judgment, we have the power to modify the trial court judgment to make it speak the truth when the record contains the necessary information allowing us to do so. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993). Here, appellant argues that the judgment incorrectly 1) categorizes the Degree of Offense as a third-degree felony when it is a second-degree felony; 2) reflects that he pled true to allegations in the State's motion to revoke other than 1 and 3b, and 3) omits the allegations found true by the trial court.

We reform the judgment to reflect that appellant was charged with, pled guilty to, and was convicted of a second-degree felony. We further reform the judgment to reflect that appellant pled true to only allegations 1 and 3b in the State's motion to revoke. We do not reform the judgment to reflect the allegations that the trial court determined were true, however. A trial court does not err in omitting them when their inclusion was not requested by the appellant. *Tate v. State,* 365 S.W.2d 789, 791 (Tex. Crim. App. 1963); *Abbott v. State*, No. 04-97-00465-CR, 1998 Tex. App. LEXIS 1271, at *4 (Tex. App.—San Antonio Feb. 27, 1998, no pet.) (not designated for publication) (holding that absent a request, the trial court's failure to make specific findings in the probation revocation order does not constitute reversible error). They were not requested here.

Consequently, we reform the judgment in the manner described above and affirm it as reformed. We also grant counsel's motion to withdraw.[2]

Brian Quinn
Chief Justice

Do not publish.

---

[2] Appellant has the right to file a petition for discretionary review with the Court of Criminal Appeals.