**Ex parte Howard Russell SPIKES.**

**No. 07–95–0304–CV.**

Court of Appeals of Texas,
Amarillo.

Oct. 10, 1995.

Joe Marr Wilson, Amarillo, for relator.

Patrick A. Pirtle, Judge, Amarillo and J. Michael Criswell, Tulia, for real party in interest.

*Before* REYNOLDS, C.J., *and* DODSON and QUINN, JJ.

REYNOLDS, Chief Justice.

In this original habeas corpus proceeding, we sanctioned applicant Howard Russell Spikes's release from the Randall County jail on bail pending determination whether his incarceration for contempt was authorized. Now, after submission, we will order his discharge for the reason to be stated.

In its 15 June 1978 decree of divorce, the trial court ordered applicant to make payments for the support of his child, who was born on 28 September 1974, until the child reached the age of eighteen, *i.e.,* 28 September 1992, or was otherwise emancipated. By an order signed 2 June 1987, Honorable David L. Gleason, sitting in the 251st Judicial District Court, held applicant in contempt for failing to meet his ordered child support obligations; but, under the heading *"Suspension of Commitment and Probation"* in his order, Judge Gleason suspended the commitment upon terms and conditions that applicant make the payments specified as ordered. Subsequently, on 13 November 1990, Patricia Janet Spikes Murdoch, to whom applicant was obligated to make payments for the support of their minor child, filed a motion to revoke the suspension because of ‚applicant's violation of the terms of the suspension, but her motion was dismissed for want of prosecution on 5 July 1991. Later, acting upon Murdoch's motion to revoke the suspension of commitment filed 24 September 1992, Honorable Patrick A. Pirtle, the presiding judge of the court, held a hearing on 18 October 1994. Afterwards, by his order signed on 15 December 1994, Judge Pirtle, finding that applicant "has failed to comply with the terms and conditions of the order of this Court suspending commitment signed on June 2, 1987," then "ORDERED that suspension of commitment of [applicant] is revoked."

By his order, Judge Pirtle required applicant to pay the arrearages, court costs and attorney's fees "on or before 5:00 O'clock P.M. on January 1, 1995," and ordered that if the payments were not made by that time, applicant "is committed to the custody of the

sheriff of Randall County, Texas, to be confined, as ordered by the order suspending commitment, for a period of six months," and thereafter until he purged himself of contempt as provided. Without any further notice, hearing or finding of Spikes's nonpayment being recorded, a writ of commitment was issued on 4 January 1995, by virtue of which applicant was taken into custody.

■ For applicant to be entitled to the habeas corpus relief of release, the trial court's order must be void, either because it was beyond the power of the court or because it deprived applicant of his liberty without due process of law. *Ex parte Barnett*, 600 S.W.2d 252, 254 (Tex.1980). Conformably, applicant alleges both that the 15 December 1994 order is void because the court was without jurisdiction to revoke the suspension, and that his due process rights against self-incrimination were violated since he was not admonished of his right not to testify in a manner that might incriminate him.

Applicant premises his contention that the 15 December 1994 order is void upon the Family Code provision that the term of probation for a contempt order is "not to exceed five years." Tex.Fam.Code Ann. § 14.40(e)(2) (Vernon 1986).[1] He contends that the term of probation originated on 2 June 1987 pursuant to Judge Gleason's order finding him in contempt, and at the time of Judge Pirtle's 15 December 1994 order revoking his suspension, the term of the probation had expired; thus, the 15 December 1994 order, being signed beyond the time the court retained jurisdiction to revoke the probation, was void.

Judge Pirtle and Murdoch each responded that the 2 June 1987 order, by which Judge Gleason suspended the enforcement of the contempt he found, was not made pursuant to the Code provision, because it did not place upon applicant "any of the conditions [of probation] authorized by § 14.40(e)." Rather, they submit in reliance upon *Eichelberger v. Eichelberger*, 582 S.W.2d 395 (Tex. 1979), that the order was made under the inherent power of the court to enforce its own judgments.[2] Therefore, they conclude, the 2 June 1987 order was a valid order of contempt and suspension of commitment, and the 15 December 1994 order was a valid order revoking the suspension of commitment. They reason the latter order was valid because it was made under the court's continuing jurisdiction to enter, as authorized by section 14.40(b), a contempt order if a motion for contempt for the failure to comply with its child support order is filed within six months after (1) the child becomes an adult, or (2) the date on which the child support obligation terminates pursuant to the decree or order or by operation of law.

Each response is a non sequitur. Contrary to the responses' premise, the 2 June 1987 order obviously was made pursuant to section 14.40(e). The order contained the suspension of commitment for contempt authorized by section 14.40(e) under the heading *"Suspension of Commitment and Probation,"* and conditioned the suspension upon applicant's payment of the court-ordered child support payments and court costs and attorney's fees set by the court, two of the permissible conditions of probation listed in section 14.40(e)(1). While we recognize the court's inherent power to enforce its orders by contempt, the then existing section 14.40(a) of the Code, which governed the procedures in familial disputes, also specifically provided that the court may enforce its order for child support by contempt, and further provided the procedure for the suspension of commitment and conditioned probation. This procedure was precisely followed in drafting the 2 June 1987 order. Moreover, the 15 December 1994 order was not an adjudication of contempt for a viola-

1. References herein to sections are to the sections of the Texas Family Code Annotated (Vernon 1986), which is also referred to as the Code. Parenthetically, we note that, subsequent to these proceedings, the Legislature recodified Title 2 of the Texas Family Code Annotated (Vernon 1986 & Supp.1995), which contained the sections that are material to this original proceeding, as Title 5 of the Texas Family Code. Act of Apr. 20, 1995, 74th Leg., R.S., ch. 20, § 1, 1995 Tex.Gen. Laws 113.

2. Murdock's response also contains a reply to applicant's second allegation of a due process violation, but Judge Pirtle's response does not.

tion of the trial court's previous order for the payment of child support; instead, by its own terms, its purpose was to revoke the suspension of commitment for contempt and grant of probation provided by the 2 June 1987 order, and to commit applicant "as ordered by the order suspending commitment."

The 2 June 1987 order did not specify the duration of applicant's probation; nevertheless, by operation of section 14.40(e)(2), the term of probation could not have exceeded five years. Thus, the maximum duration of applicant's probation could not extend past 1 June 1992, almost four months before Murdoch filed her motion to revoke the suspension of commitment, and more than thirty months before the 15 December 1994 order was signed.

Obviously, by virtue of section 14.40(e), the trial court is vested with discretion in determining whether to suspend commitment for contempt and to place the contemnor on probation under stated terms and conditions. Although section 14.40(e)(7) also vests the court with discretion, upon motion of the contemnor who has satisfactorily completed one year of probation, to discharge him from probation,[3] neither counsels' nor this Court's research has revealed any decisional authority on the question whether the court retains discretion to revoke the suspension and probation after the period of probation has expired without there having been filed the motion to revoke probation provided for in section 14.40(e)(4).

 It is our studied decision that the discretion the trial judge has to revoke the suspension of commitment for contempt and probation ordered terminates when the period of probation has expired without a motion to revoke having been filed during the period of probation, and that the contemnor cannot afterwards be committed under the prior order of contempt. Our holding of the termination of the judge's discretion under such circumstances is the same holding applicable to revocation of probation in criminal cases under similar circumstances. *See, e.g.,* *McBee v. State,* 166 Tex.Crim. 562, 316 S.W.2d 748, 749 (1958).

It follows that the 15 December 1994 order, being based upon an untimely motion, and signed after Judge Pirtle's discretion to make it terminated, is a nullity. Since applicant was incarcerated under the order, he is entitled to be discharged. This determination pretermits an address of applicant's other contention. Tex.R.App.P. 90(a).

We therefore grant the writ of habeas corpus and order applicant released from custody and from his bond.

---

**3.** The section provides that when a probationary period has been satisfactorily completed, the court shall on its own motion discharge the obligor from probation.