Petition for Writ of Habeas Corpus Granted and Opinion filed December
23, 2003













Petition for
Writ of Habeas Corpus Granted and Opinion filed December 23, 2003.

 

 

In The

 

Fourteenth Court
of Appeals

____________

 

NO. 14-03-00509-CV

____________

 

IN RE TODD JEROME BAILEY, Relator

 

 

__________________________________________________

 

ORIGINAL PROCEEDING

WRIT OF HABEAS CORPUS

 

__________________________________________________

 

O P I N I O
N

            Relator, Todd Jerome Bailey,
challenges the trial court’s judgment and order of contempt, signed March 1, 2002, and its
order revoking suspension of commitment, signed January 28, 2003.  Because we find the trial court no longer
retained jurisdiction to render these orders, we grant the relief requested.

Background

            On August 1, 1984, the trial court signed a Decree
of Legitimation that ordered relator to pay child
support in the amount of $250.00 per month, payable in bi-monthly installments
of $125.00.  This order required relator
to make these payments until the child attained the age of eighteen years.








            On June 15, 1999, the parties entered into a Rule
11 agreement setting out relator’s total arrearage of $26,191.20.  See Tex. R. Civ. P. 11.  On July 1, 1999, the trial court entered an agreed judgment, holding
relator in contempt and committing relator to the Harris County Jail for thirty
days and day-to-day thereafter, until he purged himself of contempt by
performing specified acts, including payment of a lump sum and making payments
of $150.00 per month on the arrearages. 
The trial court then suspended the commitment and placed relator on
unsupervised probation for twenty-four months subject to certain specified conditions.

            On April 24, 2000, the trial court signed an agreed
order in a suit to modify the parent-child relationship, appointing relator as
the sole managing conservator of the child and appointing real party as the possessory conservator. 
Real party was ordered to pay child support to relator in the amount of
$297.47 per month.  According to relator,
no payments were ever made.

            On December 4, 2001, real party filed a motion
for enforcement against relator, containing two motions for contempt.  The first motion sought child support
arrearages from July 1,
 1999 to December
 4, 2001; the second alleged violations of the July 1, 1999 judgment of contempt.  Relator asserts that real party non-suited
the first motion for contempt, although the record does not reflect this.  A hearing was held on the second motion, and
the trial court entered a judgment and order of contempt on March 1, 2002.  In the order, the court found that relator
had violated the July 1,
 1999 order by failing to pay child support arrearages.  The court also found relator’s total
arrearage, including principal and interest, to be $31,587.66.  Because real party had failed to pay child
support to relator while he was the sole managing conservator, the court
deducted real party’s arrearage from relator’s total arrearage, leaving a
balance due of $24,946.62.  Also, based
on the violations of the July 1,
 1999 order, the trial court found relator in contempt and ordered
him to serve 180 days in the Harris County Jail.  Commitment was again suspended and relator
was placed on community supervision so long 

 class=Section3>

as
he complied with certain conditions, including payment of $50.00 per month to
real party’s attorney for fees and bi-monthly payments of $100.00 for the child
support arrearages.  A withholding order
was entered for payment of the arrearages and dates were set for compliance
hearings.

            On January 28, 2003, the court held a
compliance hearing and signed an order revoking suspension of commitment.  The trial court found that relator had failed
to comply with the terms and conditions of the March 1, 2002 order by failing to make certain
bi-monthly payments on the arrearage, and by failing to pay real party’s
attorney fees.  The court also found the
total arrearage, including principal and interest, to be $25,109.97.  Accordingly, the trial court ordered relator
confined in the Harris County Jail for 180 days and day-to-day thereafter until
he performed certain acts, including payment of $24,946.62 in child support
arrearage and payment of $1,206.50 in fees to real party’s attorney.[1]

Bankruptcy

            We
turn first to relator’s claim that the trial court had no authority to find him
in contempt because relator had filed for bankruptcy and an automatic stay was
in effect.  Relator filed for Chapter 13
bankruptcy on March 24,
 2003.  Relator has provided
this court with a certified copy of the bankruptcy petition.  Under section 362 of the Bankruptcy Code, an
automatic stay is imposed, prohibiting the commencement or continuation of any
judicial actions or proceedings against the debtor.  11 U.S.C. § 362(a)(1)
(1993).  All actions with respect to
civil contempt orders are stayed until the time when the automatic stay has
been lifted by the bankruptcy court.  In re Wiese, 1 S.W.3d
246, 249 (Tex. App.—Corpus Christi 1999, orig. proceeding).  The commencement or continuation of an action
for criminal contempt is not automatically stayed by filing the bankruptcy
petition.  Id.  

            Here, the trial court imposed both
criminal and civil contempt.  The March 1, 2002 order assessed
criminal punishment of 180 days in jail for violations of the previous order
and also imposed civil contempt by ordering relator to remain in jail
day-to-day until he paid the arrearages due. 
Because the automatic stay applies to the civil portion of the order, we
are only at liberty to address the merits of relator’s complaints concerning
the criminal portion of the order.[2]  

Jurisdiction

            Relator
complains that the motion for contempt and enforcement was void by time
limitations pursuant to section 157.005 of the Family Code, which provides that
a court maintains jurisdiction to render a contempt order for a party’s failure
to comply with the child support order “if the motion for enforcement is filed
not later than the sixth month after the date: 
(1) the child becomes an adult; or (2) on which the child support
obligation terminates under the order or by operation of law.”  Tex. Fam. Code § 157.005(a).  Courts have consistently held that section
157.005 is not a statute of limitation, but instead, addresses how long a court
has jurisdiction to enforce its orders.  See In re S.C.S. and M.D.S., 48 S.W.3d
831, 834 (Tex. App.—Houston [14th
Dist.] 2001, pet. denied) (citing a number of cases so holding).  Thus, the issue is not whether the motion for
contempt is void for time limitations, but whether the trial court retained
jurisdiction to enter the contempt order of March 1, 2002 and the order revoking suspension of commitment on January 28, 2003.

            Even if the child turned eighteen
more than six months before the motion for enforcement was filed, the motion
would nevertheless be timely if it were filed within six months after the date
“on which the child support obligation terminates under the order or by
operation of law.”  Tex. Fam. Code § 157.005(a).
 The record contains real party’s first
motion for contempt, filed on December
 4, 2001, which states that the court signed a Decree of Legitimation on August 1, 1984, ordering relator to pay child
support as set out in Exhibit A to the motion. 
Exhibit A is a copy of the portion of the legitimation
order requiring relator to pay child support to real party in the amount of
$250.00 per month “until the youngest child made the subject of this suit
attains the age of eighteen (18) years.” 
Thus, the child support obligation terminated under the terms of the
Order of Legitimation on the child’s eighteenth
birthday, which occurred on November
 3, 2000.  The motion
for enforcement was filed on December
 4, 2001, more than six months after the date on which the
child support obligation terminated under the legitimation
order.[3]  Accordingly, we find the trial court no
longer retained jurisdiction to enter the contempt order of March 1, 2002, or the January 28, 2003 order
revoking suspension of commitment.

Conclusion

            We
grant relator’s petition for writ of habeas corpus and order relator discharged
from custody.  Accordingly, we do not
reach relator’s remaining issues.

                                                                                    

                                                                        /s/        Eva M. Guzman

                                                                                    Justice

 

Judgment
rendered and Opinion filed December
 23, 2003.

Panel
consists of Justices Anderson, Seymore, and Guzman.

 

 











            [1]  On July 14, 2003, we issued a writ releasing
relator on bond.





            [2]  Relator claims he has fully
complied with the criminal portion of the sentence.  Real party disputes this claim.  Having no proof of compliance, we address
relator’s remaining complaints, but our opinion concerns only the criminal
portion of the contempt order. 





            [3]  Real party notes that the July 1, 1999 agreed judgment placed
relator on probation until July 1,
 2001.  She reasons, that
because her December
 4, 2001 motion to enforce was filed within six months of the
probationary period, the trial court retained contempt jurisdiction.  However, the discretion to revoke contempt
probation terminates when a probationary period expires without a motion for
contempt having been filed.  See Ex parte
Spikes, 909 S.W.2d 245, 247 (Tex. App.—Amarillo 1995, orig. proceeding).  A contemnor cannot thereafter be committed
under the prior contempt order.  Id.  

 

            Additionally, real party argues that
the trial court held relator in contempt for failing to pay interest as
rendered in the July 1,
 1999 agreed judgment. 
Although accrued interest is a part of the child support obligation, see Tex.
Fam. Code § 157.267, an arrearage judgment
making payments due past the child’s eighteenth birthday does not extend the
period for bringing a contempt proceeding. 
In re Dickinson,
829 S.W.2d 919, 921 (Tex. App.—Amarillo 1992, no writ).