Opinion filed April 12, 2018



In The

# Eleventh Court of Appeals

_____

## No. 11-18-00073-CV

_____

## IN RE CODY SETH ARPE

**Original Habeas Corpus Proceeding**

## M E M O R A N D U M   O P I N I O N

This is an original habeas corpus proceeding that stems from the failure to pay court-ordered child support. Relator, Cody Seth Arpe, seeks relief from an order of enforcement by contempt and from an order revoking suspension and committing him to the county jail. In the contempt order, the trial court ordered Relator to be confined in the county jail for 180 days; in the revocation order, the trial court ordered Relator to be confined in the county jail for 150 days. The orders were issued contemporaneously on February 26, 2018, and run concurrently. We previously set a bond in this matter, but we now revoke the bond and deny in part Relator's request for habeas corpus relief.

*Background*

Relator has two children for whom he is supposed to pay child support. This cause relates to the child support of only one of those children—the child that belongs to Amanda Ruth Arpe, the real party in interest in this cause. In June 2016, Amanda filed a motion for enforcement of the child support order in this cause. On December 22, 2016, the trial court held Relator in "criminal contempt" for his failure to pay child support, assessed his punishment at confinement for 180 days in the county jail beginning on December 26, 2016, and partially suspended the sentence. The trial court set out various conditions of suspension, ordered that Relator be confined for 30 days, and suspended the remainder of Relator's sentence "for the full period of 180 days." Accordingly, the suspension period expired on June 24, 2017.[1]

On August 30, 2017, Amanda filed another motion for enforcement. On December 12, 2017, she filed a motion to revoke the suspension of commitment. The trial court held a hearing on January 8, 2018, at which it considered both the August 2017 motion for enforcement and the December 2017 motion to revoke. At the end of the hearing, the trial court took the matters under advisement and ultimately issued the orders that are the subject of this habeas corpus proceeding.

The contempt order reflects that the trial court held Relator in "criminal contempt" for failing to make three specific child support payments: those due on March 1, May 1, and August 1, 2017. The revocation order reflects that Relator violated the terms of his suspension when he failed to make any child support payments to Amanda during March and May 2017 and underpaid in a few other months in 2017.

---

[1]Section 157.212 of the Family Code permits a period of community supervision for the purpose of child support enforcement to remain in effect for up to ten years. *See* TEX. FAM. CODE ANN. § 157.212 (West 2014). However, the December 2016 order only provided for a 180-day period of suspension.

*Analysis*

Relator presents three issues in his petition. He first asserts that he pleaded and proved the affirmative defense of inability to pay. *See* TEX. FAM. CODE ANN. § 157.008(c) (West 2014). Relator asserts in his second issue that the order sought to be enforced was not enforceable by contempt. In his third issue, Relator argues that the revocation order contains a finding by which he could not be held in contempt.

In a habeas corpus action challenging an order of contempt, the relator bears the burden of showing that the contempt order is void. *In re Coppock*, 277 S.W.3d 417, 418 (Tex. 2009) (orig. proceeding). A contempt order is void if it was beyond the power of the trial court to enter it or if it deprived the relator of liberty without due process of law. *Id.*; *Ex parte Barnett*, 600 S.W.2d 252, 254 (Tex. 1980) (orig. proceeding).

In his second issue, Relator challenges the enforceability of the order that he violated. The provision about which Relator complains merely modified the amount of his child support, which had previously been set at $1,200 per month. The modification set the amount of child support at $836.21 beginning July 1, 2014, and provided that that amount was due on the first day of each month thereafter. We disagree with Relator's contention that the order was not specific enough to be enforced because it lacked an end date or because it did not specifically incorporate the trial court's prior order containing an end date.

To be enforceable by contempt, an order must set out the terms of compliance in clear and unambiguous terms. *Coppock*, 277 S.W.3d at 418. Here, the provision about which Relator complains merely modified the *amount* of child support due; it did not otherwise supplant the trial court's prior child support order. The modification must be read in conjunction with the prior child support order. We conclude that the provision was enforceable by contempt.

3

In his third issue, Relator challenges the order revoking suspension and asserts that it is void in its entirety. We agree with Relator that the revocation order is void, but we do so for a different reason. The motion to revoke and the order revoking suspension are nullities because the motion to revoke was not filed until after the period of suspension had terminated. *See Nicklas v. State*, 530 S.W.2d 537, 540–41 (Tex. Crim. App. 1975); *Ex parte Spikes*, 909 S.W.2d 245, 247 (Tex. App.— Amarillo 1995, no writ). Pursuant to the terms of the trial court's order of suspension, the suspension period was only 180 days—expiring on June 24, 2017. The motion to revoke was not filed until December 12, 2017, over five months after the period of suspension had ended. Because the order revoking suspension was based upon an untimely motion to revoke, it is a "nullity." *See Spikes*, 909 S.W.2d at 247.

In his first issue, Relator asserts that the contempt order is void because he pleaded and proved the affirmative defense of inability to pay under Section 157.008(c) of the Family Code. Section 157.008(c) provides:

> An obligor may plead as an affirmative defense to an allegation of contempt or of the violation of a condition of community service requiring payment of child support that the obligor:
>
> > (1) lacked the ability to provide support in the amount ordered;
> >
> > (2) lacked property that could be sold, mortgaged, or otherwise pledged to raise the funds needed;
> >
> > (3) attempted unsuccessfully to borrow the funds needed; and
> >
> > (4) knew of no source from which the money could have been borrowed or legally obtained.

Relator filed an answer in the trial court in which he properly pleaded the above affirmative defense. Inability to pay child support is an affirmative defense that must be proved by a preponderance of the evidence. FAM. § 157.006(b); *Ex parte Roosth*,

4

881 S.W.2d 300, 301 (Tex. 1994). We note that it is a defense to allegations of contempt and to revocation allegations. FAM. § 157.008(c).

At the hearing, Amanda introduced an activity report from the Attorney General of Texas, Child Support Division, related to Relator's payments in this cause. Amanda then testified about the amount of arrearages owed to her for child support and medical support and confirmed that Relator's current child support obligation to her was $836.21 per month plus $400 per month to be paid toward the arrearages.

Relator called his wife, Brittania Arpe, to testify regarding their financial situation. Brittania had lost her job but was looking for other employment. The couple's home had recently been foreclosed on, and their credit card—which had a limit of only $200—was "maxed out." Britannia outlined the couple's monthly expenses and also explained that they had had to take out a loan on one of their cars to pay for Amanda's attorney's fees. The car, a 2007 Chevy Malibu, had been given to them by Brittania's mother. Brittania pointed out that Relator's credit had been adversely affected by the addition of the child support arrearages to his credit. She also testified that she did not know of any way that they could come up with the extra money to pay Amanda.

Brittania testified that Relator lost his job when he was incarcerated for thirty days pursuant to the trial court's December 2016 contempt order. Therefore, from December 26, 2016, until sometime in March 2017, Relator was unemployed. Relator got his old job back in March but lost that job again in June "when the business went down."

Relator began working for Permian Tank & Mfg., Inc. in August 2017, and automatic withholding from his paychecks for the current amount of his child support obligations began at that time. Relator was still employed at Permian Tank at the time of the hearing. Relator worked long hours there and made $1,442.30 per

5

week, gross, and $1,205.22, net, after taxes. Out of that amount, $192.97 was withheld for child support owed to Amanda, and $279.51 was withheld for child support owed for Relator's other child. Relator introduced exhibits that corroborated these amounts. Approximately 40% of Relator's net pay is being withheld for his current obligations to his two children. On top of that 40%, Relator is supposed to be paying an additional $400 per month for arrearages in this cause. Relator testified that he had sold his woodworking tools and guns and that he had no assets left to sell. A church had recently begun helping Relator and Brittania with their rent.

The trial court found that Relator was "able to pay" child support and child support arrearages in the amounts and on the dates at issue. In reviewing the record, we are without jurisdiction to weigh the proof and determine whether it preponderates for or against the relator. *Ex parte Chambers*, 898 S.W.2d 257, 259 (Tex. 1995) (orig. proceeding). Instead, we must determine whether the order is void, such as where the relator has been confined without a hearing or with no evidence of contempt to support his confinement. *Id.* at 259–60. The issue in habeas corpus review is whether the relator conclusively established that he was involuntarily unable to pay. *Id.* at 262; *Ex parte Hayes*, No. 05-17-00473-CV, 2017 WL 2889047, at *3 (Tex. App.—Dallas July 7, 2017, orig. proceeding) (mem. op.) (reviewing criminal contempt order and stating that the relator must have conclusively shown that he was unable to pay each time payment was due).

With respect to the three contempt findings in this case—for failure to pay on March 1, May 1, and August 1, 2017—we point out that the evidence showed that Relator was unemployed from December 26, 2016, until sometime in March 2017 and that he was unemployed again from sometime in June until August 2017. Nothing in the record suggests that Relator was intentionally unemployed or underemployed, and Amanda did not offer any evidence to controvert Relator's employment history or lack of assets on the relevant dates. Relator made payments

of $1,236.21 in April and $1,300 in June 2017. In August, he paid $885.94 in this cause. Relator unquestionably has a history of failing to pay child support, but the uncontroverted evidence from the hearing reveals that he did not have the ability to pay as ordered on the dates of March 1 and August 1, 2017. Thus, Relator conclusively established his affirmative defense with respect to his failure to pay child support as ordered on the dates of March 1 and August 1. *See Chambers*, 898 S.W.2d at 262.

However, with respect to the contempt finding that Relator failed to pay child support on May 1, 2017, Relator failed to conclusively establish that he was unable to pay on that date. Relator was employed from sometime in March to sometime in June and made payments in April and June. Thus, we cannot hold that the trial court's finding as to May 1 was supported by no evidence. *See Chambers*, 898 S.W.2d at 259–60.

Because the trial court found Relator guilty of three separate acts of contempt and assessed his punishment separately for each violation, we may strike those portions of the contempt order that are invalid and uphold the remainder. *In re Hall*, 433 S.W.3d 203, 207 (Tex. App.—Houston [14th Dist.] 2014, orig. proceeding). The contempt order is not void in its entirety under these circumstances. *Id.*

### This Court's Ruling

Relator's petition for writ of habeas corpus is granted in part and denied in part. The February 26, 2018 order revoking suspension is vacated as null and void. The portions of the February 26, 2018 order holding Relator in contempt for failure to pay on March 1 and August 1, 2017, are stricken from that order; however, the remainder of the February 26, 2018 order of contempt is left intact. The bond previously set by this court is hereby revoked, and Cody Seth Arpe is remanded to custody.

7

JOHN M. BAILEY

JUSTICE


April 12, 2018

Panel consists of: Willson, J.,
Bailey, J., and Wright, S.C.J.[2]

[2]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.