

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-12-00361-CR

DIANNIA SHIRLENE OVERSTREET                                    APPELLANT

V.

THE STATE OF TEXAS                                                    STATE

----------

### FROM THE 355TH DISTRICT COURT OF HOOD COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Diannia Shirlene Overstreet appeals the trial court's judgment adjudicating her guilty of delivery of a controlled substance, revoking her community supervision, and assessing a sentence of fifteen years' confinement. We overrule issue two and a portion of issue one. We sustain the remaining portion of issue one and modify the trial court's judgment to delete two revocation

---

[1]*See* Tex. R. App. P. 47.4.

grounds not supported by the oral pronouncement of sentence and to reflect the sentence orally pronounced by the trial court. *See* Tex. R. App. P. 43.2(b).

## I. BACKGROUND

On July 23, 2010, Appellant pleaded guilty under a plea-bargain agreement to delivery of over one gram but under four grams of methamphetamine. The trial court deferred adjudicating Appellant's guilt and placed her on community supervision for six years. Two of the community-supervision terms required Appellant to (1) perform 300 hours of community service "at a rate of no less than 8 hours per week if employed and 24 hours per week if unemployed" (the community-service term) and (2) attend two Narcotics Anonymous meetings every week and "provide proof of attendance . . . as directed by the Hood County [community-supervision department]" (the meeting term). As part of the plea agreement, Appellant affirmed that she understood the community-supervision terms and conditions, including the community-service term and the meeting term.

On October 14, 2010, the State filed a motion to proceed with an adjudication of Appellant's guilt. Appellant pleaded true to the State's allegations. Under the State and Appellant's second plea-bargain agreement, the trial court continued Appellant's community supervision but added certain terms and conditions. Specifically, the trial court ordered Appellant to enter a substance-abuse facility and remain for no more than one year. The trial court extended Appellant's community-supervision period until July 22, 2018.

2

Appellant complied with the additional term and was discharged from the substance-abuse facility on February 16, 2011.

On May 15, 2012, the State again filed a motion to adjudicate Appellant's guilt, alleging that Appellant failed to pay the appropriate fees and fines and failed to comply with either the community-service term or the meeting term. Appellant pleaded not true to the allegations in the motion. The trial court held a hearing on the State's motion.

At the hearing, it was shown that Appellant had completed 150.25 community-service hours, but that her last verified service hours occurred on August 14, 2011. Further, Appellant had attended only eight Narcotics Anonymous meetings, with her last verified attendance occurring on October 18, 2010. Appellant admitted that she had not properly verified her community-service hours and that she failed to attend the required meetings. Appellant asserted that her health problems, the differing reporting requirements in the five different counties she had resided in, and her lack of transportation interfered with her compliance with the terms and conditions of her community supervision.

The trial court concluded that Appellant had failed to comply with the community-service term and the meeting term, adjudged Appellant guilty, revoked Appellant's community supervision, and sentenced her to fifteen years' confinement. On July 30, 2012, the trial court entered its judgment, reflecting a fourteen-year sentence and that Appellant had violated the community-service term, the meeting term, and the terms regarding payment of fees and fines.

Appellant filed a notice of appeal from the trial court's judgment and now argues that (1) the evidence was insufficient to support the trial court's conclusion that Appellant violated the terms and conditions of her community supervision and (2) the terms and conditions were too vague and indefinite to be enforced. Appellant contends these errors by the trial court constituted an abuse of discretion. Appellant further asserts that the trial court's judgment should be modified to delete the trial court's finding of true to the allegations that Appellant failed to pay the required fines and fees.

## II. STANDARD OF REVIEW

A trial court's determination on a motion to adjudicate is reviewable in the same manner as the determination on a motion to revoke community supervision. *See* Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (West Supp. 2012). We review an order revoking community supervision and adjudicating guilt under an abuse of discretion standard. *See Rickels v. State*, 202 S.W.3d 759, 763–64 (Tex. Crim. App. 2006). To justify revocation, the State must prove by a preponderance of the evidence that the defendant violated the terms and conditions of community supervision. *See Hacker v. State*, 389 S.W.3d 860, 864–65 (Tex. Crim. App. 2013). The trial court is the sole judge of the credibility of the witnesses and the weight to be given their testimony; thus, we review the evidence in the light most favorable to the trial court's ruling. *See id.* at 865.

If the State fails to produce a preponderance of the evidence to support adjudication and revocation, the trial court abuses its discretion. *See Cardona v.*

4

*State*, 665 S.W.2d 492, 493–94 (Tex. Crim. App. 1984). However, proof by a preponderance of any one alleged violation is sufficient to affirm an order revoking community supervision and adjudicating guilt. *See Bryant v. State*, 391 S.W.3d 86, 93 (Tex. Crim. App. 2012); *Clay v. State*, 361 S.W.3d 762, 765 (Tex. App.—Fort Worth 2012, no pet.).

### III.  DISCUSSION

### A.  EVIDENCE SUFFICIENCY

Appellant first argues that the evidence was insufficient to revoke on the community-service term because "[i]f Appellant completed roughly 150 hours of her 300 hours over the course of roughly two years, that means Appellant would still have roughly eight years to complete the remaining 150 hours." The community-service term stated that Appellant was required to complete the 300 community-service hours during her community-supervision term; however, the term specified that she had to complete the hours at a set rate, i.e., eight hours per week if employed or twenty-four hours per week if unemployed. Appellant verified when placed on community supervision that she understood this term. Although Appellant proffered reasons for her noncompliance with this term, the trial court obviously did not accept Appellant's excuses, and we cannot second guess the trial court's factual conclusions. *See, e.g., Rickels*, 202 S.W.3d at 764. Further, because the community-service term clearly stated the rate at which Appellant had to complete her hours, the State did not have to wait until the

community-supervision period expired to determine if Appellant would complete her 300 hours of community service.

The evidence that Appellant violated the community-service term is sufficient to support the trial court's order. *See Cullever v. State*, No. 01-09-00889-CR, 2011 WL 494878, at *4 (Tex. App.—Houston [1st Dist.] Feb. 10, 2011, no pet.) (mem. op., not designated for publication). Thus, we conclude that the preponderance of evidence shows Appellant violated at least one condition or term of her community supervision; thus, the trial court did not abuse its discretion by revoking Appellant's community supervision and adjudicating her guilt. *See, e.g., Marcum v. State*, 983 S.W.2d 762, 767 (Tex. App.—Houston [14th Dist.] 1998, pet. ref'd) (holding probation officer's testimony that appellant did not meet reporting requirement sufficient to revoke); *Lozano v. State*, No. 03-07-00597-CR, 2008 WL 3540080, at *2 (Tex. App.—Austin Aug. 14, 2008, no pet.) (recognizing trial court may disbelieve or not accept appellant's excuses for failing to comply with community-supervision conditions) (mem. op., not designated for publication). We overrule this portion of issue one.

## B. SPECIFICITY OF TERMS

Appellant contends that the terms and conditions of her community supervision were too vague and indefinite to be enforced. *See McDonald v. State*, 442 S.W.2d 386, 387 (Tex. Crim. App. 1969). "An award of community supervision is . . . a contractual privilege"; thus, "by entering into the contractual relationship without objection, a defendant affirmatively waives any rights

6

encroached upon by the terms of the contract." *Speth v. State*, 6 S.W.3d 530, 534 (Tex. Crim. App. 1999), *cert. denied*, 529 U.S. 1088 (2000). Accordingly, if a defendant finds a community-supervision term objectionable, she must complain at trial in order to give the trial court the opportunity to address the complaint. *See id.* at 534–35.[2] Appellant raised no objection to the terms she now asserts were vague and indefinite. Indeed, she affirmatively stated in her plea-bargain agreement that she understood the terms. We conclude Appellant has forfeited this complaint. *See* Tex. R. App. P. 33.1(a); *Ogbeide v. State*, Nos. 02-11-00146-CR, 02-11-00147-CR, 2012 WL 3736309, at *3 (Tex. App.—Fort Worth Aug. 30, 2012, no pet.) (mem. op., not designated for publication). We overrule issue two.

### C. ORAL PRONOUNCEMENT OF SENTENCE

Appellant asserts that because the trial court orally stated that it concluded only the community-service term and the meeting term had been violated, the judgment must be modified to delete the finding of the trial court that Appellant had failed to comply with the terms requiring payment of fines and fees. The State does not dispute Appellant's modification argument. Indeed, when a trial judge's oral pronouncement of sentence conflicts with the subsequent written

---

[2]If a defendant complains about a community-supervision term that is modified without a hearing, an objection to the term may be raised for the first time on appeal if the defendant was not given an opportunity to object. *See Rickels*, 108 S.W.3d at 902. We are not faced with that situation here because Appellant challenges a term that was not imposed on modification or without giving her an opportunity to object when imposed.

judgment revoking deferred-adjudication community supervision, the oral pronouncement controls. *See Taylor v. State*, 131 S.W.3d 497, 500, 502 (Tex. Crim. App. 2004). Here, the trial court orally stated that it found Appellant failed to comply with only two of the four terms alleged by the State: the community-service term and the meeting term. Therefore, the trial court's judgment must be modified to delete the monetary terms as grounds for the trial court's revocation and adjudication. We sustain this portion of issue one.

Although neither Appellant nor the State raises the issue, we note that the trial court twice orally stated that Appellant's sentence was for fifteen years, while the written judgment reflected a fourteen-year sentence.[3] We have the authority sua sponte to modify a judgment containing an improper recitation or omission relating to punishment. *See Mendoza v. State*, Nos. 02-10-00047-CR, 02-10-00048-CR, 02-10-00049-CR, 2010 WL 5621447, at *2 (Tex. App.—Fort Worth Dec. 30, 2010, no pet.) (mem. op., not designated for publication); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd). As stated above, the oral pronouncement of sentence controls over the written judgment. *See Taylor*, 131 S.W.3d at 500. Thus, the judgment must be modified to conform the sentence to that which the trial court orally pronounced.

---

[3]Appellant's counsel recognized the discrepancy at oral argument.

## IV. CONCLUSION

We overrule issue two and a portion of issue one. We sustain the remaining portion of issue one and modify the judgment to delete the payment terms (listed as terms and conditions "A." and "B." in the judgment) as grounds for the adjudication and revocation. We also modify the judgment to reflect that Appellant's sentence is fifteen years' confinement as orally pronounced by the trial court. As modified, we affirm the trial court's judgment. *See* Tex. R. App. P. 43.2(b).

LEE GABRIEL
JUSTICE

PANEL: GARDNER, MEIER, and GABRIEL, JJ.

GARDNER, J., concurs without opinion.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: May 30, 2013